NOT DESIGNATED FOR PUBLICATION

No. 119,219

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

SAMUEL W. FIELDS,
*Appellant*,

v.

KEN MCGOVERN and DEBORAH PORTER,
*Appellees*.

MEMORANDUM OPINION

Appeal from Douglas District Court; JAMES R. MCCABRIA, judge. Opinion filed November 30, 2018. Affirmed.

*Samuel W. Fields*, pro so appellant.

*Daniel S. Bell*, of Andersen & Associates, of Overland Park, for appellees.

Before GARDNER, P.J., ATCHESON and POWELL, JJ.

PER CURIAM: Samuel W. Fields, a bail bondsman, appeals pro se the dismissal of his lawsuit against Douglas County Sheriff Ken McGovern and Deputy Deborah Parker for failing to state a legal claim for relief. Fields' suit claimed the defendants had wrongfully used incorrect identifying information for a defendant in preparing a bail bond facesheet. For reasons we more fully explain below, we see no error in the district court's dismissal of Fields' lawsuit and affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

Because Fields represents himself in this litigation, the underlying facts of the case are difficult to glean from the record on appeal. It is undisputed, however, that Fields is a bondsman with Applejacks Bail Bonds and is approved by the Douglas County District Court to act as a bond surety within the State of Kansas. It is also undisputed that Fields entered a surety agreement with Larry Raymond Brown II on December 3, 2015, for posting a bond for a court appearance in Atchison County. Many of the remaining facts pertinent to Fields' suit are murky.

On November 19, 2015, the Atchison County District Court issued a bench warrant for the arrest of Larry Raymond Brown III on charges of distribution of cocaine, failing to affix tax stamps, and use of a telecommunications device in the sale of a controlled substance. The warrant described Brown as a black male, 5'5" tall, and 155 pounds with a birth year of 1985. At some point, the Atchison County arrest warrant was entered into the National Crime Information Center (NCIC) database, listing Larry Raymond Brown II with various aliases, including Larry Raymond Brown III.

On December 3, 2015, an individual named Larry Raymond Brown II was issued a citation by the City of Lawrence for battery and possession of marijuana. The Lawrence municipal citation listed Brown's year of birth as 1985, registered address, and driver's license number and described Brown as a black male, 5'5" tall, weighing 160 pounds. He was subsequently arrested on the outstanding Atchison County arrest warrant. The booking information listed only Larry Raymond Brown but also identified Brown by his address and date of birth. Fields signed an Atchison County appearance bond as surety for Larry Raymond Brown II and listed the same address for Brown as listed in the citation and the booking information. Fields stood as surety in the amount of $15,000 for Brown's court appearance in Atchison County on December 11, 2015.

The record is not clear about whether Brown appeared for the December 11 hearing in Atchison County. He did appear for his arraignment in Douglas County on December 22, 2015. But, Brown failed to appear for subsequent hearings in both Douglas and Atchison Counties. The Douglas County District Court issued a bench warrant against Brown for failing to appear on January 19, 2016. The Atchison County District Court forfeited Brown's bond for his failure to appear on January 20, 2016, and issued a warrant for Brown's arrest. The order provided an opportunity for Fields to avoid payment of the $15,000 bond if he provided the district court with a reason to set aside the order before March 18, 2016.

On March 10, 2016, Fields filed a pro se brief, arguing that he should be relieved of his obligations as surety because discrepancies in the names assigned to Brown in the various court documents prevented Fields from securing Brown's capture in Kansas or another state. Fields acknowledged that Brown signed the bond agreement as Larry Raymond Brown II. Fields failed to attend the scheduled hearing on March 28, 2016. The Atchison County District Court rejected Fields' argument and ordered Fields to pay $15,000 to the court.

On January 18, 2017, Fields filed a petition in the Douglas County District Court, initiating this current lawsuit. He claimed McGovern and Porter were negligent in preparing a bail bond facesheet with incorrect identifying information for Brown. Fields also claimed that protections from liability for McGovern and Porter violated federal antitrust law. Additionally, Fields claimed that McGovern and Porter had damaged his professional reputation by preventing him from capturing Brown out of state and claimed the bond contract should be declared void as unenforceable. Fields sought damages in the amount of $15,000, legal expenses in the amount of $3,000, and exemplary or punitive damages in the amount of $75,000.

McGovern and Porter filed an answer, arguing Fields' petition should be dismissed on the following grounds: (1) Fields failed to state a valid claim; (2) the district court lacked subject matter jurisdiction and proper venue; (3) Fields could not pursue a claim for punitive or exemplary damages; (4) Fields' own negligence excused any negligence on the part of the defendants; and (5) Fields lacked privity of contract with them, thus they lacked any duty to Fields. Fields filed a pro se pleading in response, generally rehashing the arguments of his petition.

Subsequently, Fields filed a motion for summary judgment, and the defendants moved to dismiss for failure to state a claim. On January 2, 2018, the district court entered a journal entry dismissing the petition for failing to state a cause of action upon which relief might be granted.

Fields timely appeals.

### DID THE DISTRICT COURT ERR IN DISMISSING THE PETITION FOR FAILURE TO STATE A CLAIM?

When we review the dismissal of a petition for failing to state a claim, we consider the well-pleaded facts in a light most favorable to the plaintiff, which requires us to assume the truth of those facts as well as any reasonable inference that may be drawn from them. If the facts as pled state any claim upon which relief might be granted, then dismissal was improper. See *Cohen v. Battaglia*, 296 Kan. 542, 545-46, 293 P.3d 752 (2013). We do not resolve any factual disputes when deciding a motion to dismiss for failure to state a claim, and dismissal is appropriate only when the allegations in the petition clearly demonstrate that the plaintiff lacks a legal claim for relief. *Steckline Communications, Inc. v. Journal Broadcast Group of KS, Inc.*, 305 Kan. 761, Syl. ¶ 2, 388 P.3d 84 (2017).

4

While Fields' factual allegations have remained relatively consistent, his legal theories for relief provide us with a moving target. Essentially, Fields contends that McGovern and Porter committed a fraud or misrepresentation on Fields by characterizing Brown as "Larry Raymond Brown II" when the arrest warrant from Atchison County designated "Larry Raymond Brown III." Before the district court Fields' legal theories rested upon K.S.A. 2017 Supp. 60-209; K.S.A. 2017 Supp. 22-2802; the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1961 et seq. (2012); and the Sherman Anti-Trust Act, 15 U.S.C. § 1 et seq. (2012). On appeal, Fields' theory shifts to Kansas Supreme Court Rule 114 (2018 Kan. S. Ct. R. 186). Because Fields has not argued these other legal theories on appeal, we consider them abandoned. See *State v. Reu-El*, 306 Kan. 460, 471, 394 P.3d 884 (2017) (issues raised in district court but not advanced on appeal are considered abandoned).

This failure notwithstanding, given the wide parameters of appellate review following dismissal of a petition for failure to state a claim, all of Fields' various theories, plus any applicable theories not articulated by him, will be considered to determine whether *any* claim based on the alleged facts would support a judgment in favor of Fields. Unfortunately for Fields, none of the authorities cited by him impose a duty on a county sheriff in favor of a surety to ensure that a criminal appearance bond correctly names the individual subject to the appearance bond.

K.S.A. 2017 Supp. 60-209 provides rules for pleading particular matters including fraud and libel or slander. See K.S.A. 2017 Supp. 60-209(b), (j). The statute does not create a duty or a cause of action. K.S.A. 2017 Supp. 22-2802 directs the payment of bonds by individuals or sureties into the court. It does not address the authority or responsibility of the sheriff with respect to the bond and does not impose liability on the sheriff towards a surety. Similarly, Supreme Court Rule 114(a) permits authorized surety companies to post bonds set by the sheriff or the court clerk. The record establishes that the Atchison County District Court set the bond amount. Supreme Court Rule 114 is

5

therefore inapplicable. But, even if Supreme Court Rule 114(a) applied to the bond guaranteed by Fields in this case, the rule does not impose any duty or responsibility on the sheriff.

By definition, RICO also does not apply to the sheriff's conduct. "Racketeering activity" is defined as "any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical" or as "any act which is indictable" under a list of specific crimes. See 18 U.S.C. § 1961(1). Because the sheriff's or deputy's conduct cannot be classified as a crime, particularly a crime listed by RICO, this Act does not apply here.

For similar reasons, the Sherman Anti-Trust Act, 15 U.S.C. § 1, also does not impose liability upon the sheriff or deputy. This Act prohibits contracts, conspiracies, or agreements to restrain trade or commerce among states or with foreign nations. Nothing about the sheriff's alleged intentional or negligent misstatement in naming Brown restrains trade or commerce with other states. Furthermore, to the extent the bonding authorization in Douglas County constitutes a restraint on trade, it is the Douglas County District Court, not the sheriff, which imposes that restraint. Any incidental restraint on trade imposed by state government in regulating industry in the interest of public health and welfare is immune from the Sherman Anti-Trust Act under the *Parker* doctrine. See generally *North Carolina State Bd. of Dental Examiners v. FTC*, 574 U.S. ___, 135 S. Ct. 1101, 1110, 191 L. Ed. 2d 35 (2015); *Parker v. Brown*, 317 U.S. 341, 350-51, 63 S. Ct. 307, 87 L. Ed. 315 (1943).

Fields has cited no caselaw in which a court has imposed liability upon a sheriff for negligently or intentionally providing the wrong name for a bail bond agreement, and independent research has discovered none. In order to establish a claim for fraud or misrepresentation (intentional or negligent), Fields would be required to demonstrate, among other things, that the information provided by the sheriff was false. See

*Stechschulte v. Jennings*, 297 Kan. 2, 19, 298 P.3d 1083 (2013) (elements of fraud); *Rinehart v. Morton Buildings, Inc.*, 297 Kan. 926, 937, 305 P.3d 622 (2013) (elements of negligent misrepresentation). According to the record, the individual arrested by Douglas County law enforcement officers on the Atchison County arrest warrant went by several variations of the same name: Larry Raymond Brown, Larry Raymond Brown II, and Larry Raymond Brown III. The record does not indicate which one of these names is Brown's legal name. The booking form listed the arrested person as "Larry Raymond Brown." The Lawrence police citation issued to Brown at the time of his offense was presumably based on Brown's driver's license information and listed "Larry Raymond Brown II" as the name of the offender. Fields admitted that on December 3, 2015, the NCIC listed an active warrant out of Atchison County for Larry Raymond Brown II. The facts, even when viewed in a light most favorable to Fields, do not establish that the sheriff provided him with false information regarding Brown's name. It establishes only that the name provided in the bond does not match the name provided in the arrest warrant. Fields provides no authority requiring the sheriff to conduct an independent inquiry into an offender's name before booking him or her into jail or issuing a bond.

If the NCIC entry did not match the name of the person against whom the arrest warrant was issued, the error rests with the party entering the information into the NCIC system, which was presumably Atchison County, not Douglas County. Fields' factual assertions in his petition contend as much: "Samuel Fields, alleges misuse of NCIC, and misuse of Kansas Hot Files, by the Atchison County Sheriff's Office, which *caused* Lawrence Police Department and the Douglas County Sheriff's Office, to error and arrest and book Larry Raymond Brown 2nd, rather than Larry Raymond Brown 3rd." (Emphasis added.) Our Supreme Court has held that "'one who negligently creates a dangerous condition cannot escape liability for the natural and probable consequences thereof, although the innocent act of a third person may have contributed to the final result.'" *Steele v. Rapp*, 183 Kan. 371, 377, 327 P.2d 1053 (1958) (quoting *Rowell v. City of Wichita*, 162 Kan. 294, 303, 176 P.2d 590 [1947]). Therefore, even if Larry Raymond

Brown II was not the offender's true identity, Fields cannot demonstrate that McGovern intended to mislead Fields or that McGovern was negligent in relying on the entry in the NCIC system to issue the bond in the name of Larry Raymond Brown II.

The district court properly dismissed the petition for failing to state a claim upon which relief might be granted.

Affirmed.